1  GEORGE M. GARVEY (SBN 089543)
   *george.garvey@mto.com*
2  355 South Grand Avenue, Thirty-Fifth Floor
   Los Angeles, CA  90071-1560
3  Telephone:  (213) 683-9100
   Facsimile:  (213) 687-3702
4
   YOHANCE C. EDWARDS (SBN 237244)
5  *yohance.edwards@mto.com*
   MUNGER, TOLLES & OLSON LLP
6  560 Mission Street, Twenty-Seventh Floor
   San Francisco, CA  94105-2907
7  Telephone:  (415) 512-4000
   Facsimile:  (415) 512-4077
8

9  Attorneys for Defendant
   UBS AG
10

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| HANA HILSENRATH, OLIVER HILSENRATH,<br><br>Plaintiffs,<br><br>vs.<br><br>CREDIT SUISSE (CS), UNITED BANK OF SWITZERLAND (UBS) AND DOES 1-10,<br><br>Defendants. | CASE NO.  C 07 5374 WHA<br><br>NOTICE OF MOTION AND MOTION OF UBS AG TO DISMISS (FED.R.CIV.P. 12(b)(3), 12(b)(6)); DECLARATION OF GIUSEPPE IANNAZZONE<br><br>Date:  January 24, 2008<br>Time:  8:00 a.m.<br>Place:  Courtroom of<br>       Honorable William H. Alsup |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT on January 24, 2008 in the courtroom of the Honorable William H. Alsup of the above-entitled Court located at 450 Golden Gate Avenue, San Francisco, California, defendant UBS AG, named herein as United Bank of Switzerland ("UBS") will and hereby does move, pursuant to Federal Rule of Civil Procedure 12(b)(3) and 12(b)(6), for

4037306.5

MOTION TO DISMISS
C 07 5374 WHA

1  an order dismissing the Complaint as against UBS.

2          This motion is made on the ground that the account agreement between UBS (a
3  Swiss bank) and the plaintiffs (who maintained their UBS account in Switzerland) provides for
4  the application of Swiss law, and specifies Switzerland as the exclusive place of jurisdiction for
5  any dispute between plaintiffs and UBS related to the agreement.  In the alternative, the motion is
6  based upon the ground that the complaint fails to state a claim upon which relief may be granted
7  against UBS.

8          This motion is based upon this Notice of Motion and Motion, the attached
9  Memorandum of Points and Authorities, the Declaration of Giuseppe Iannazonne submitted
10 herewith, UBS's Request for Judicial Notice, the reply papers submitted in connection with this
11 motion, and such other papers and matters as the Court may consider.

12

13 DATED: December 7, 2007                    Munger, Tolles & Olson LLP
                                                GEORGE M. GARVEY
14                                              YOHANCE C. EDWARDS

15

16                                              By:       */s/ Yohance C. Edwards*
                                                        YOHANCE C. EDWARDS
17

18                                              Attorneys for Defendant
                                                UBS AG

19

20

21

22

23

24

25

26

27

28

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I. INTRODUCTION

This misguided action arises in the aftermath of plaintiff Oliver Hilsenrath's criminal conviction in this Court, for income tax evasion and securities fraud as a result of his misappropriation of funds when he was the CEO of U.S. Wireless Corporation ("US Wireless"). During the investigation of Mr. Hilsenrath's criminal activity, the Swiss government froze his assets in Switzerland, including the assets held in his and Hana Hilsenrath's joint account with UBS, a Swiss bank, and subsequently issued an order confiscating the assets based on its own criminal investigation of whether Mr. Hilsenrath violated Swiss law. Unsatisfied with the Swiss government's decision to confiscate the assets in Switzerland in accordance with Swiss law, the Hilsenraths filed the instant lawsuit. In essence, the Hilsenraths allege that UBS failed to warn them that Swiss law, not the United States Constitution, would apply to the Swiss government's jurisdiction over their Swiss bank account. The Hilsenraths do not allege any other wrongdoing by UBS.[1] This claim should be dismissed on several grounds.

The Northern District of California is not the proper venue for this lawsuit. When the Hilsenraths opened their account, the Hilsenraths agreed in writing that the account would be governed exclusively by Swiss law, and that Switzerland would be the exclusive jurisdiction of disputes regarding the account. It is well settled that forum-selection clauses such as the one agreed upon between the Hilsenraths and UBS are valid and enforceable. Accordingly, the Court should dismiss this action as against UBS for improper venue, without prejudice to the Hilsenraths bringing their claims under Swiss law, in a Swiss court, in accordance with their agreement with UBS.

In the event that the Court does not dismiss the action against UBS for improper venue, it should dismiss the action because the allegations of the Complaint fail to state a claim upon which relief may be granted. More specifically, the Complaint alleges a failure to warn the

---

[1] Although the Complaint in this action alleges three causes of action, the second and third causes of action are merely additional requests for damages based on the same alleged failure to warn. *See* Complaint for Damages, Strict Product Liability and Failure to Warn ("Compl.") ¶¶ 25-31.

1  plaintiffs that the assets in their Swiss bank account with UBS were not governed by United
2  States law, including the United States Constitution.  This claim is meritless.  First, there is no
3  duty to warn a customer who opens a Swiss bank account that Swiss law might govern the Swiss
4  government's actions concerning that account.  Second, even though UBS had no duty to warn
5  the Hilsenraths that Swiss law applied to the actions of the Swiss government, when the plaintiffs
6  opened the account, UBS specifically warned them—in the Opening an Account Document the
7  Hilsenraths signed—that Swiss law, not United States law, applied to their account.  For each of
8  these reasons, the Court should dismiss the action as against UBS, with prejudice, for failure to
9  state a claim upon which relief can be granted.

## II.   FACTUAL BACKGROUND[2]

Plaintiffs opened a bank account at the Basel, Switzerland office of UBS.  Compl. ¶ 13.  In April 2005, in connection with its criminal investigation into Mr. Hilsenrath's activities, the United States government asked the Swiss government to freeze plaintiffs' account at UBS in Switzerland.  Compl. ¶ 14.  The United States government initially believed that the funds in the Hilsenrath's UBS account were embezzled by Mr. Hilsenrath.  *Id.*  The United States government later concluded that the funds in the Hilsenraths UBS account were not embezzled.  Compl. ¶ 15.  In 2006, this Court issued two orders indicating that "*to the extent that* the Swiss authorities' freeze of assets is attributable to their mistaken conclusion that there are violations of U.S. law that justify Swiss money laundering charges," the Swiss government should release the Hilsenraths' frozen assets.  Compl. ¶ 16 (emphasis added); Attachment B to the Complaint, November 13, 2006 Court Order in *United States v. Hilsenrath*, CR 03-0213 WHA, ¶ 6; *see also* Attachment A to the Complaint, August 21, 2006 Court Order in *United States v. Hilsenrath*, CR 03-0213 WHA, ¶ 3 ("*To the extent that* the Swiss authorities' independent freeze of the assets is attributable to the Swiss authorities' conclusion that there are violations of U.S. law that justify Swiss money laundering charges, the Court respectfully requests the Swiss investigating magistrates to release the funds frozen at the request of the U.S. government.") (emphasis added).

---

[2] For the purposes of this motion to dismiss only, we assume the factual allegations in the Complaint are true.

The Swiss government did not release the Hilsenraths assets after this Court issued its two orders in 2006. Compl. ¶ 17.

In May 2007, plaintiffs filed a complaint against the Swiss government and its employees alleging that they violated the Hilsenraths' rights under the Fourth, Fifth, and Sixth Amendments of the United States Constitution by freezing their assets. Compl. ¶ 18. In its motion to dismiss that complaint, the Swiss government stated that the United States Constitution does not apply to the actions of the Swiss government and Swiss government officials taken within Switzerland.[3] Compl. ¶ 23. As acknowledged by Mr. Hilsenrath, in 2007, the Swiss government issued an order confiscating the Hilsenraths assets held in their UBS account in Switzerland based on its own criminal investigation of potential violations of Swiss law. *See* RJN, Ex. 2 (Oliver Hilsenrath's Amended Motion for a Writ of Injunction in *United States v. Hilsenrath*, CR 03-0213 WHA, at 2 (N.D. Cal. Sept. 20, 2007), which the court later deemed a new civil complaint in *Hilsenrath v. United States*, C 07-05100 WHA). Oliver Hilsenrath received the Swiss government's confiscation order in September 2007. *See id.* at 2.

The instant action against UBS was filed on October 22, 2007, after Mr. Hilsenrath received the Swiss confiscation order. In the instant action, plaintiffs claim that the Swiss government's motion to dismiss the May 2007 lawsuit was where it was "revealed for the first time" that the "Swiss government and subsequently the Swiss banks are not obligated by the rights to property as stipulated by the United States' Constitution." Compl. ¶ 26. Plaintiffs allege that had they known that their account with UBS was not governed by the United States Constitution, including the Constitutional right to property, they would not have invested their assets with UBS and therefore would not have incurred financial loss. Compl. ¶ 20. Plaintiffs seek a court order requiring UBS to implement a "product warning label" indicating to United States customers that the bank is not subject to the United States Constitution, damages as a result

---

[3] On October 23, 2007, this Court granted the Swiss Government's motion to dismiss, with prejudice, on sovereign immunity grounds. In its ruling, the Court held that the Swiss government's freeze of the assets did not violate international law. *See* Request for Judicial Notice (hereinafter "RJN"), Ex. 1 (Order Granting Defendant's Motion to Dismiss and Vacating hearing in *Hilsenrath v. The Swiss Confederation*, C 07-02782 WHA, (N.D. Cal. Oct. 23, 2007)).

of the money they allegedly lost by investing their money in the UBS account, and damages for lack of access to the funds in their UBS account. Compl. ¶¶ 27-35.

## III. THE COMPLAINT MUST BE DISMISSED AS AGAINST UBS AG FOR IMPROPER VENUE.

> Forum selection clauses are *prima facie* valid, and are enforceable absent a strong showing by the party opposing the clause 'that enforcement would be unreasonable or unjust, or that the clause [is] invalid for such reasons as fraud or overreaching.' The opposing party has the burden 'to show that trial in the contractual forum would be so gravely difficult and inconvenient that he will for all practical purposes be deprived of his day in court.'

*Manetti-Farrow, Inc. v. Gucci Am., Inc.*, 858 F.2d 509, 514-15 (9th Cir. 1988) (citations omitted). Where, as here, a plaintiff has entered into a contract providing for any litigation to take place in a country outside the United States, that forum selection clause is enforceable through a Rule 12(b)(3) motion to dismiss for improper venue.[4] *Argueta v. Banco Mexicano, S.A.*, 87 F.3d 320, 324 (9th Cir. 1996). On a Rule 12(b)(3) motion based on a forum selection clause, the allegations of the complaint need not be accepted as true and the court may "consider facts outside of the pleadings." *Id.*

When they opened their account with UBS, the Hilsenraths agreed that the account would be governed by Swiss law and that Switzerland would be the exclusive jurisdiction for disputes related to the agreement. When they opened the account, the Hilsenraths signed the Opening an Account Document. *See* Declaration of Giuseppe Iannazzone ("Iannazzone Decl."), Ex. A (Opening an Account Document).[5] The Opening an Account Document stated that the agreement "shall be exclusively governed by and construed in accordance with Swiss law" and that Basel, Switzerland would be the "exclusive place **of jurisdiction** for any disputes arising out of and in connection with the present Agreement and/or Declaration." Iannazzone Decl., Ex. A (emphasis in the original). The forum selection and choice of law provisions were prominently featured right above the signature line in the Hilsenraths' agreement—far more prominently than in other cases in which the Ninth Circuit has held that such provisions must be enforced. *See*,

---

[4] Unless otherwise indicated, all references to Rules are to the Federal Rules of Civil Procedure.

[5] Counsel for UBS have redacted plaintiffs' dates of birth and financial account number from the Opening an Account Document pursuant to Northern District of California Civil Local Rule 3-17.

*e.g.*, *Batchelder v. Kawamoto*, 147 F.3d 915, 919 (9th Cir. 1998) (enforcing Japanese choice of law/forum provision in depository agreement governing American Depository Receipts as against purchaser who maintained that he never received a copy of the depository agreement). Nothing in the circumstances of the present case would support an effort by the Hilsenraths to overcome the law's strong presumption in support of enforcement of their agreement to litigate in Switzerland, under Swiss law. Switzerland is, after all, the location where they chose to open an account and place the assets at issue—even though they did not reside in Switzerland.

Not surprisingly, courts in the United States have repeatedly enforced UBS's choice of law/choice of forum agreements when UBS customers have attempted to avoid those agreements and sue in the United States. *Ganidis v. United Bank of Switzerland,* Decision/Order Index No. 604965/01 (N.Y. Super. Ct. Nov. 1, 2002); *Cong v. Union de Banques Suisses (UBS),* Order of Dismissal, Case No. BC314321 (L.A. Super. Ct. Nov. 1, 2004); *Cassis v. United Bank of Switzerland AG*, Case No. SA CV 06-0958, DOC (ANx) (C.D. Cal. Feb. 21, 2007).

That the Hilsenraths seek to assert claims under American law does not render the forum selection clause unenforceable. The Ninth Circuit has unequivocally held that an effort to assert such claims does not provide a basis for avoiding a choice of law/choice of forum provision in an international agreement. *Richards v. Lloyd's of London*, 135 F.3d 1289, 1294-96 (9th Cir. 1998) (*en banc*).

The Court must enforce the agreement between UBS and the Hilsenraths, and dismiss this action as against UBS pursuant to Rule 12(b)(3).

## IV. THE COMPLAINT MUST BE DISMISSED AS AGAINST UBS AG FOR FAILURE TO STATE A CLAIM

If for any reason the Court does not dismiss the claims against UBS for improper venue, those claims are nevertheless subject to dismissal because of serious defects in the Complaint's substantive allegations.

A court should grant a motion to dismiss under Rule 12(b)(6) when a complaint does not provide grounds establishing that the plaintiff is entitled to relief. *See Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964 (2007); *Parks School of Business, Inc. v. Symington*, 51

1  F.3d 1480, 1484 (9th Cir. 1995) ("A complaint should not be dismissed unless a plaintiff could
2  prove no set of facts in support of his claim that would entitle him to relief."). Allegations of
3  material fact are taken as true and construed in the light most favorable to the plaintiff. *See*
4  *Vasquez v. Los Angeles County*, 487 F.3d 1246, 1249 (9th Cir. 2007), *petition for cert. filed*, 76
5  USLW 3189 (Sept. 26, 2007). Nonetheless, conclusory allegations of law and unwarranted
6  inferences are insufficient to defeat a motion to dismiss for failure to state a claim. *See id.*; *In re*
7  *Netflix Antitrust Litig.*, 506 F. Supp. 2d 308, 314 (N.D. Cal. 2007). Similarly, "[f]actual
8  allegations must be enough to raise a right to relief above the speculative level." *See Bell Atlantic*
9  *Corp.*, 127 S. Ct. at 1965.
10         Even assuming that the facts alleged in the complaint are true, the complaint fails
11 to state a claim upon which relief may be granted. As the Hilsenraths acknowledge in the
12 Complaint, the assets in their UBS account in Switzerland were confiscated by the Swiss
13 government, not UBS. *See* Compl. ¶ 18 ("In May 2007, plaintiffs filed a complaint against the
14 Swiss government and a number of its employees for confiscating their assets.") Furthermore,
15 the Swiss government confiscated the assets at issue in sovereign Swiss territory based on a Swiss
16 criminal investigation of potential violations of Swiss law. *See* RJN, Ex. 2 (Oliver Hilsenrath's
17 Amended Motion for a Writ of Injunction in *United States v. Hilsenrath*, CR 03-0213 WHA, at 2,
18 which the court later deemed a new civil complaint in *Hilsenrath v. United States*, C 07-05100
19 WHA). Yet, plaintiffs allege that when they voluntarily sent their assets to UBS in Switzerland,
20 UBS had a duty to warn them that the Swiss government could seize the assets in accordance with
21 Swiss law. Plaintiffs do not and cannot point to any authority that imposes a duty to issue a
22 warning that the actions of the Swiss government acting in sovereign Swiss territory against
23 assets in a Swiss bank account are governed by Swiss law, rather than the United States
24 Constitution. *See Poston v. United States*, 396 F.2d 103, 107 (9th Cir. 1968) ("The law does not
25 impose a duty to warn of an obvious danger."). Because there is no authority imposing such a
26 duty on UBS, the action should be dismissed with prejudice.
27         Even though there is no duty to warn that Swiss law governs the Swiss authorities'
28 actions in Switzerland, UBS actually did explicitly warn the Hilsenraths that their account was

governed *exclusively* by Swiss law. *See* RJN, Ex. 3 (Iannazzone Decl., Ex. A (Opening an Account Document).[6] The Hilsenraths claim that had they known at the time they opened the account that the U.S. Constitution would not apply, they never would have opened the account with UBS. *See* Compl. ¶ 20. Yet, in the very document the Hilsenraths signed when they actually opened the account, UBS informed them that Swiss law alone would govern the agreement. *See* RJN, Ex. 3 (Iannazzone Decl., Ex. A (Opening an Account Document). Given that the Hilsenraths explicitly agreed that their UBS account would be governed exclusively by Swiss law, they cannot honestly allege that they were misled by UBS about what law applies to the actions of the Swiss government, in Swiss territory, over their Swiss bank account. Accordingly, the Hilsenraths' action against UBS should be dismissed with prejudice for failure to state a claim upon which relief can be granted.

## V.   CONCLUSION

UBS respectfully urges the Court to enforce the forum selection agreement between UBS and the Hilsenraths, and to dismiss this action for improper venue. In the alternative, UBS respectfully urges the Court to dismiss the Complaint for failure to state a claim on which relief may be granted.

---

[6] The Court may take judicial notice of the Opening an Account Document since the allegations in the Complaint are predicated on the Hilsenraths not receiving the warning that was explicitly included in the Opening an Account Document that they signed. *See Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998) (when a complaint is "predicated upon a document," courts may consider it at the pleading stage "even if the plaintiff's complaint does not explicitly refer to it"); *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005) ("We have extended the 'incorporation by reference' doctrine to situations in which the plaintiff's claim depends on the contents of a document, the defendant attaches the document to its motion to dismiss, and the parties do not dispute the authenticity of the document, even though the plaintiff does not explicitly allege the contents of that document in the complaint."); *In re Calpine Corp. Sec. Litig.*, 288 F. Supp. 2d 1054, 1076 (N.D. Cal. 2003) ("[T]he Court may [also] take judicial notice of documents on which allegations in the [complaint] necessarily rely, even if not expressly referenced in the [complaint], provided the authenticity of those documents are not in dispute."); *In re Northpoint Commc'ns Group, Inc., Secs. Litig.*, 221 F. Supp. 2d 1090, 1095 (N.D. Cal. 2002) ("In ruling on a motion to dismiss, a court may take judicial notice of a document if it is relied on in the complaint (regardless of whether it is expressly incorporated therein) and its authenticity is not disputed."); *see also Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994); *In re Silicon Graphics, Inc. Secs. Litig.*, 183 F.3d 970, 986 (9th Cir. 1999) (a plaintiff who relies on documents in formulating his complaint "can hardly complain when [defendants] refer to the same information in their defense" on a motion to dismiss).

| | | |
|---|---|---|
| 1 | | |
| 2 | DATED: December 7, 2007 | Munger, Tolles & Olson LLP<br>GEORGE M. GARVEY<br>YOHANCE C. EDWARDS |
| 3 | | |
| 4 | | |
| 5 | | By:     /s/ *Yohance C. Edwards*     <br>YOHANCE C. EDWARDS |
| 6 | | |
| 7 | | Attorneys for Defendant<br>UBS AG |