1   GEORGE M. GARVEY (SBN 089543)
    *george.garvey@mto.com*
2   355 South Grand Avenue, Thirty-Fifth Floor
    Los Angeles, CA 90071-1560
3   Telephone:    (213) 683-9100
    Facsimile:    (213) 687-3702
4
    YOHANCE C. EDWARDS (SBN 237244)
5   *yohance.edwards@mto.com*
    MUNGER, TOLLES & OLSON LLP
6   560 Mission Street, Twenty-Seventh Floor
    San Francisco, CA 94105-2907
7   Telephone:    (415) 512-4000
    Facsimile:    (415) 512-4077
8
9   Attorneys for Defendant
    UBS AG
10
                    UNITED STATES DISTRICT COURT
11
                  NORTHERN DISTRICT OF CALIFORNIA
12
                     SAN FRANCISCO DIVISION
13

14
15  HANA HILSENRATH, OLIVER              CASE NO.  C 07 5374 WHA
    HILSENRATH,
                                         APPENDIX OF UNPUBLISHED
16            Plaintiffs,                AUTHORITIES IN SUPPORT OF UBS AG'S
                                         MOTION TO DISMISS
17       vs.
                                         Date:    January 24, 2008
18  CREDIT SUISSE (CS), UNITED BANK      Time:    8:00 a.m.
    OF SWITZERLAND (UBS) AND DOES        Place:   Courtroom of
19  1-10,                                         Honorable William H. Alsup

20            Defendants.

21

22

23

24

25

26

27

28

| TAB | DESCRIPTION |
|---|---|
| 1. | *Ganidis v. United Bank of Switzerland*, Order of Dismissal, Decision/Order Index No. 604965/01 (N.Y. Super. Ct. Nov. 1, 2002). |
| 2. | *Cong v. Union de Banques Suisses (UBS)*, Order of Dismissal, No. BC314321 (L.A. Super. Ct. Nov. 1, 2004). |
| 3. | *Cassis v. United Bank of Switzerland AG*, No. SA CV 06-0958 DOC (ANx) (C.D. Cal. Feb. 21, 2007). |

GANDIS v. U.B. of SWITZERLAND

### SUPREME COURT OF THE STATE OF NEW YORK — NEW YORK COUNTY

PRESENT: _____BARBARA R. KAPNICK_____          PART 12
                              J.S.C.                                                      KB

Pavlos Ganidu

          -v-

United Bank of Switzerland

INDEX NO. 604965/01

MOTION DATE _____

MOTION SEQ. NO. 001

MOTION CAL. NO. _____

The following papers, numbered 1 to _____ were read on this motion to/for _____

| | PAPERS NUMBERED |
|---|---|
| Notice of Motion/ Order to Show Cause — Affidavits — Exhibits ... | _____ |
| Answering Affidavits — Exhibits _____ | _____ |
| Replying Affidavits _____ | SCANNED NOV 0 1 2002 |

Cross-Motion:   ☒ Yes   ☐ No

Upon the foregoing papers, it is ordered that this motion

**MOTION IS DECIDED IN ACCORDANCE WITH
ACCOMPANYING MEMORANDUM DECISION**

MOTION/CASE IS RESPECTFULLY REFERRED TO JUSTICE _____

Dated: ____10/21/02____                                    _____ J.S.C.

Check one:   ☐ FINAL DISPOSITION   ☒ NON-FINAL DISPOSITION
                                                      BARBARA R. KAPNICK
                                                                  J.S.C.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK: IAS PART 12
-------------------------------------X
PAVLOS GANIDIS,

                    Plaintiff,             DECISION/ORDER
                                          Index No. 604965/01
    -against-                            Motion Seq. No. 01

UNITED BANK OF SWITZERLAND, AG and
LOUIS AGRO,

                    Defendants.
-------------------------------------X

BARBARA R. KAPNICK, J.:


    Plaintiff Pavlos Ganidis seeks in this action to recover damages in the amount of $1,025,000.00, together with interest from April 28, 1999, costs, disbursements and attorneys' fees *(i)* against defendant United Bank of Switzerland ("UBS") for negligence/gross negligence (first cause of action), conversion (second cause of action), and wrongful receiving of monies (third cause of action), and *(ii)* against defendant Louis Agro for forgery/wrongful receiving of monies (fourth cause of action) and conversion (fifth cause of action).


    Plaintiff claims that defendant UBS made wire transfers from his UBS account in Zurich, Switzerland to the accounts of defendant Agro in New York financial institutions pursuant to wire transfer

instructions purporting to be signed by plaintiff, but which plaintiff claims were forgeries.[1]

Defendant UBS now moves for an order dismissing this complaint on the basis of forum selection clauses contained in a signature card, a General Pledge and Assignment and a supplemental signature card designating Zurich, Switzerland as the jurisdiction of any lawsuit brought against the Bank, as well as in UBS's 'General Conditions', which was incorporated by reference in said documents, which provides as follows:

> 15  **Applicable law and place of jurisdiction** All legal aspects of the relationship between client and Bank shall be governed exclusively by Swiss law. Place of performance shall be governed exclusively by Swiss law. Place of performance of all obligations of both parties, as well as the jurisdiction of lawsuits and any other kinds of legal proceedings shall be the domicile of the business office of the Bank with which the contractual relationship exists *[i.e., Zurich, Switzerland]*. Excepting only that the Bank may sue the client in any competent court at the domicile of the client or any other court having jurisdiction.

Defendant UBS argues that the District Court of Zurich or the Court of Commerce of Zurich (whichever plaintiff chooses) are thus the exclusive forums in which this action may be brought.

---

[1]     The wire transfer instructions were presented to UBS on April 28, 1999 (in the amount of $75,000.00), May 3, 1999 ($225,0000), May 11, 1999 ($250,000.00), May 28, 1999 ($400,000.00) and July 23, 1999 ($75,000.00).

In the alternative, defendant UBS argues that the complaint against it must be dismissed pursuant to CPLR § 327 on forum non conveniens grounds because *(i)* Switzerland is an adequate forum; *(ii)* Swiss courts have jurisdiction over both UBS and Agro under the Federal Act on International Private Law ("FAIPL"); *(iii)* there is no significant nexus between this action and New York since the transfers were made from a bank in Switzerland and plaintiff allegedly represented to UBS that he was a Greek citizen and resident; *(iv)* the witnesses with actual knowledge of the facts of this action - i.e., the individuals who received the payment orders and processed the payments - are in Zurich; *(v)* the relevant documents are in Switzerland where plaintiff's bank account was opened and maintained; and (iv) the action is governed exclusively by Swiss law.

Plaintiff argues in opposition to the motion that the forum selection clause is not enforceable because *(i)* it is one-sided since the client may sue the Bank in Zurich only, but the Bank may sue the client in any court where it can obtain jurisdiction over the client; *(ii)* it was not the product ,of an 'arms length negotiation'; and *(iii)* it was not reasonably communicated to plaintiff and was in small, indistinguishable print.

Plaintiff further argues that even if defendant's forum selection clause was valid, it is inherently unfair and should not be enforced in this case because *(i)* a trial in Switzerland would

3

be seriously inconvenient for many of plaintiff's witnesses; *(ii)* it would be prejudicial, as well as a financial and health hardship for plaintiff to travel from New York to Switzerland; *(iii)* many of the relevant documents have already been forwarded to UBS's counsel in New York; and (iv) all of the operative facts and events occurred in New York.

> It is well-accepted policy that forum-selection clauses are *prima facie* valid. In order to set aside such a clause, a party must show that enforcement would be unreasonable or unjust or that the clause is invalid because of fraud or overreaching such that a trial in the contractual forum would be so gravely difficult and inconvenient that the challenging party would, for all practical purposes, be deprived of his or her day in court. (citations omitted).

British West Indies Guaranty Trust Co. v. Banque Internationale A Luxembourg, 172 A.D.2d 234 (1st Dep't 1991). See also, Shah v. Shah, 215 A.D.2d 287 (1st Dep't 1995); Lexington Investment Co. v. Southwest Stainless, Inc., 697 F.Supp. 139 (S.D.N.Y.1988).

The Appellate Division, First Department, has held that the allegation that a party "did not read the provision, or that it was not brought specifically to [his] attention are of no avail, since, as a signatory to the contract, [he] is presumed to know the contents of the instrument [he] signed and to have assented to such terms. (citationomitted)." British West Indies Guaranty Trust Co., supra at 234.

4

Nor, does it avail a party seeking to challenge enforcement of a forum-selection clause that the clause was contained in a form agreement and never brought to his attention, or that he may not have been in bargaining parity with the other party. See, Matter of Fidelity & Deposit Co. of Maryland v. Altman, 209 A.D.2d 195 (1st Dep't 1994). See also, Carnival Cruise Lines, Inc. v. Shute, 499 U.S. 585 (1991).

Accordingly, based on all the papers submitted and the oral argument held on the record on June 19, 2002, this Court finds that plaintiff has failed to demonstrate that the forum selection clause is invalid because of fraud or overreaching or that enforcement of the clause would be so unreasonable, unjust or inconvenient that plaintiff would, for all practical purposes, be deprived of his day in court.

Defendant UBS's motion is, therefore, granted. The Clerk may enter judgment dismissing plaintiff's complaint against defendant United Bank of Switzerland, AG without costs or disbursements and without prejudice to plaintiff bringing an action for the same relief in the appropriate court in Zurich, Switzerland.

Plaintiff's claims against co-defendant Louis Agro are severed and continued.

A preliminary conference shall be held in IA Part 12, 60 Centre Street, Room 341 on November 20, 2002 at 9:30 a.m. Plaintiff's counsel shall notify defendant Agro (or his counsel if he is represented) of the conference date.

This constitutes the decision and order of this Court.

Date:    October 21 , 2002

_____
Barbara R. Kapnick
J.S.C.

BARBARA R. KAPNICK
J.S.C.

6

CONG v. UNION de BANQVES SUISSES



MARC T.G. DWORSKY (State Bar No. 157413)
MARSHA HYMANSON (State Bar No. 145180)
MUNGER, TOLLES & OLSON LLP
355 South Grand Avenue
Thirty-Fifth Floor
Los Angeles, CA 90071-1560
Telephone:    (213) 683-9100
Facsimile:    (213) 687-3702

Attorneys for Defendant
UBS, AG, formerly known as UNION DE BANQUES
SUISSES (UBS)

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF LOS ANGELES

ZHUO YUE CONG,

        Plaintiff,

    vs.

UNION DE BANQUES SUISSES (UBS);
AND DOES 1 through 25,,

        Defendants.

CASE NO.  BC314321

The Honorable Lee Edmon

Department 68

[PROPOSED] ORDER OF DISMISSAL

1044225.1

[PROPOSED] ORDER OF DISMISSAL

1    The motion of defendant Union de Banques Suisses (UBS) to dismiss or stay the

2    above-entitled cause pursuant to Code of Civil Procedure Section(s) 410.30 and 418.10, on the

3    ground that the mandatory forum selection clause in plaintiff's contract with UBS provides

4    exclusive jurisdiction in Geneva, Switzerland, came on regularly for hearing by the court on

5    October 13, 2004.  Plaintiff appeared by counsel Mark B. Hartzler, Law Offices of Li &

6    Associates; defendant appeared by counsel Marsha Hymanson and Marc T.G. Dworsky, Munger,

7    Tolles & Olson LLP.  The parties submitted on the Courts tentative ruling, a copy of which is

8    attached hereto as Exhibit A and incorporated herein by reference..

9    Good cause for such dismissal having been shown,

10    IT IS ORDERED that this cause be, and hereby is, dismissed with prejudice and

11    that defendant have and recover costs.

12    DATED: ~~October __, 2004~~

13    NOV 0 1 2004

14

15    Submitted by:

16    MUNGER, TOLLES & OLSON LLP
     Marc T.G. Dworsky

17    Marsha Hymanson

18    By: _Marsha Hymanson_

19    Marsha Hymanson

20    Attorneys for Defendant
     UBS, AG, formerly known as UNION DE

21    BANQUES SUISSES (UBS)

**LEE SMALLEY EDMON**

Lee Edmon, Judge of the Superior Court

22

23

24

25

26

27

28

1044225.1

- 2 -

[PROPOSED] ORDER OF DISMISSAL

Exhibit A

# Cong v. Union de Bankques Suisses (UBS)

Wednesday, October 13, 2004

Case No. - BC314321
Number on Calendar -8

**Motion:** Defendant's Motion to Dismiss or Stay
Defendant's Motion for Sanctions under CCP 128.7

**Tentative** Grant Motion to Dismiss. Plaintiff has not sustained her heavy burden of showing that enforcement of the clause would be unreasonable. Deny motion for sanctions.

**Facts:** Plaintiff Cong alleges she opened a bank account at the Defendant UBS branch in Geneva. ¶ 8. Defendant subsequently honored forged checks against Plaintiff's account, w hich was entirely drained. ¶ 10. Plaintiff alleges that an individual named Yuan Zhao was prosecuted for the theft of Plaintiff's funds. ¶ 11. Defendants negligently allowed funds to be stolen from Plaintiff's account. Plaintiff has allegedly suffered damages of $350,000 and sues for:

1. Negligence
2. Breach of Contract

**Analysis:**
1. Forum Selection Clauses

    A. Policy is to enforce forum selection clauses unless they are unreasonable.

        "Both the United States Supreme Court and the California Supreme Court have recognized that "forum selection clauses play an important role in both national and interstate commerce [citations omitted]. Such clauses provide a degree of certainty, both for businesses and their customers, that contractual disputes will be resolved in a particular forum [citations omitted]. California courts routinely enforce forum selection clauses even where the chosen forum is far from the plaintiff's residence." *Net2phone, Inc. v Superior Court of Los Angeles County* (2003) 109 Cal. App. 4th 583, 587-588.

    B. Factors for the court to consider in enforcement of clause:

        "When a forum selection clause appears in "a contract entered into freely and voluntarily by parties who have negotiated at arm's length, . . . forum selection clauses are valid and may be given effect, in the court's discretion and in the absence of a showing that enforcement of such a clause would be unreasonable." *Net2phone* at 588.

-1-



C. Plaintiff has a heavy burden to show that the clause is unreasonable.

"A forum selection clause is valid in the absence of the resisting party meeting a heavy burden of proving enforcement of the clause would be unreasonable under the circumstances of the case." *Bancomer v. Superior Court* (1996) 44 Cal. App. 4th 1450, 1457.

D. Lack of notice is a ground for refusing enforcement.

"We hold that the forum-selection clause is unenforceable as to any particular plaintiff if the court determines that such plaintiff did not have sufficient notice of the forum-selection clause prior to entering into the contract for passage. Absent such notice, the requisite mutual consent to that contractual term is lacking and no valid contract with respect to such clause thus exists." *Carnival Cruise Lines, Inc. v. Superior Court* (1991) 234 Cal. App. 3d 1019, 1025-1027.

E. What notice is sufficient?

"What constitutes sufficient notice is unclear, but *actual* notice is probably *not* required. For example, under federal law, limitations printed conspicuously on a ticket issued by a common carrier (e.g., airline) are enforceable even if not read by the passengers. It is enough that the passengers had an *opportunity* to read the limitations before embarking on the journey." Weil & Brown California Pleading and Procedure ¶ 3:181.1, citing *Deiro v. American Airlines, Inc* (9th Cir 1987) 816 F.2d 1360.

A California state court upheld the enforcement of a forum selection clause even when Plaintiff chose not to read the clause.

"A forum selection clause within an adhesion contract will be enforced "as long as the clause provided adequate notice to the [party] that he was [*202] agreeing to the jurisdiction cited in the contract." [citations omitted]. Thus, in *Hunt, supra,* the court found the clause failed to give adequate notice when it merely provided an agreement to submit to "the applicable jurisdiction" without identifying California as the applicable jurisdiction. Here, on the other hand, the forum selection clause plainly says that Hamburg, Germany is the selected forum. Plaintiff had full notice that he was agreeing to Hamburg as the place of trial, even though he may have chosen not to read the four-page contract. We conclude as a matter of law that no basis exists for denying enforcement of the forum selection clause. *Intershop Communications AG v. Superior Court* (2002) 104 Cal. App. 4th 191, 201-202.

Plaintiff's declaration suggests that she chose to sign the signature card although she admits she did not understand it. Plaintiff's lack of notice of the clause appears to have been the result of her own choice. Regardless, Plaintiff admits in her declaration that she had a person with her at the time she opened an account who did speak French. ¶ 14. This person indicated where Plaintiff was to sign. Thus Plaintiff did have a means of communicating to the Bank that she did not understand what she was signing, or that she needed translation. There is no evidence that Plaintiff requested such translation.



2.  Whether the clause is unfair because it is "one-sided" in that it allows one party to bring an action anywhere, while Plaintiff is bound to a Geneva forum:

First, Plaintiff has not established that "one-sidedness" alone will defeat an otherwise valid forum-selection clause. Plaintiff's burden is to show that enforcement of the provision would be unreasonable. Rather, the evidence suggests that Plaintiff freely and voluntarily chose to sign the signature card, notwithstanding the fact that she did not read or understand French.

3.  The forum-selection clause in the instant case is mandatory, not permissive.

Defendant relies on *CQL Original Products Inc v Nat'l Hockey League* (1995) 39 Cal.App.4th 1347, which further relied on *Hunt Wesson Foods, Inc. v. Supreme Oil Co.* (9th Cir. 1987) 817 F.2d 75, 77, which explained the difference between "permissive" and "mandatory" forum selection clauses. *Hunt* involved the following contractual language:

"[the] Buyer and Seller expressly agree that the laws of the State of California shall govern the validity, construction, interpretation and effect of this contract. **The courts of California, County of Orange, shall have jurisdiction over the parties in any action at law relating to the subject matter or the interpretation of this contract.**" *Hunt* at 76.

The *Hunt* court stated this language was *permissive*, meaning it did not provide for *exclusive* jurisdiction in Orange County, and thus did not preclude bringing the case elsewhere.

"A primary rule of interpretation is that "the common or normal meaning of language will be given to the words of a contract unless circumstances show that in a particular case a special meaning should be attached to it." 4 S. Williston, A Treatise on the Law of Contracts § 618 (W. Jaeger 3d ed. 1961). Here, the plain meaning of the language is that the Orange County courts shall have jurisdiction over this action. The language says nothing about the Orange County courts having exclusive jurisdiction. The effect of the language is merely that the parties consent to the jurisdiction of the Orange County courts. Although the word "shall" is a mandatory term, here it mandates nothing more than that the Orange County courts have jurisdiction. Thus, Supreme cannot object to litigation in the Orange County Superior Court on the ground that [**6] the court lacks personal jurisdiction. **Such consent to jurisdiction, however, does not mean that the same subject matter cannot be litigated in any other court. In other words, the forum selection clause in this case is permissive rather than mandatory.**"

In this case, the forum-selection clause at issue here shown on the signature card at Ex. 1 states:

"Geneva is the place of performance, the exclusive forum for all types of proceedings, as well as the filing venue, but, concerning the latter, only for customers domiciled abroad. However, the bank retains the right to file suit at the address of the customer or before any competent court."

This language is not merely permissive consent to jurisdiction, as in *Hunt*, but provides Geneva is an exclusive forum.

-3-

4. Plaintiff's objection to the transcript attached to the Supplemental Hymanson declaration based on Evidence Code 1452 & 1454 is overruled. Defendant's objection to Para. 8 of the Cong declaration is sustained.

5. Plaintiff presents no reasons to support the court staying the matter as opposed to dismissing the entire action. The forum selection clause directs that the proper forum is Geneva. This entire matter should be properly adjudicated in Geneva. Consequently, it appears the court should dismiss the entire action.

6. Defendant separately moves for sanctions of $39,814 under CCP § 128.7 on grounds that Plaintiff's arguments with respect to the forum selection clause are objectively frivolous and not warranted by existing law, and thus violates CCP 128.7(b)(2). Defendant reiterates its arguments made in the motion to stay or dismiss.

In opposition, Plaintiff argues that Plaintiff has a right to enlist the court's protection for which she should not be sanctioned. Plaintiff reiterates she did not freely and voluntarily give up her right to a California forum.

A. CCP 128.7

CCP § 128.7 states that an attorney makes certain certifications when presenting papers to the court — that to the best of the attorney's knowledge, information or belief, *formed after an inquiry reasonable under the circumstances*, the paper is not being presented for an improper purpose, the claims are warranted and the allegations have evidentiary support, or are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

(b) By presenting to the court, whether by signing, filing, submitting, or later advocating, a pleading, petition, written notice of motion, or other similar paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, all of the following conditions are met:
(1) It is not being presented primarily for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.
(2) The claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law.

B. Sanctions are warranted if conduct is objectively unreasonable and are not designed to be punitive.

"First, under section 128.7, only an attorney or unrepresented party may be sanctioned; sanctions against a represented party are not authorized. Under section 128.5, the court may impose sanctions against the party, the attorney or both. (*In re Marriage of Reese & Guy, supra,* 73 [*638] Cal. App. 4th at p. 1221.) Second, section 128.7 imposes a lower threshold for sanctions against an attorney and only requires the attorney's conduct be objectively unreasonable. Sanctions imposed under section 128.7 are not designed to

be punitive in nature, but rather to promote compliance [**155] with statutory standards of conduct." *Levy v. Blum*, 92 Cal. App. 4th 625, 638 (Cal. Ct. App., 2001)

C.  Weil & Brown instructs that it is not clear what type of notice of the forum selection clause is required to uphold enforcement of it. Weil & Brown California Pleading and Procedure ¶ 3:181.1, citing *Deiro v. American Airlines, Inc* (9th Cir 1987) 816 F.2d 1360.

Plaintiff's burden is a heavy one and requires a showing that enforcement of the clause is unreasonable under the circumstances. It is difficult to find that Plaintiff's position is objectively unreasonable given that the law as to notice is somewhat unclear. Plaintiff's arguments ultimately are not persuasive, but do not appear to reach the threshold of being so "unreasonable" as to warrant sanctions under CCP 128.7.

Cassis v. UBS

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

Priority ___
Send ___
Enter ___
Closed ___
JS-5/JS-6 ___
JS-2/JS-3 ___
Scan Only ___

Case No. SA CV 06-0958 DOC (ANx)                    Date: February 21, 2007

Title: SAMY CASSIS and GEHANE CASSIS v. UBS AG; UBS FINANCIAL SERVICES INC.; and DOES 1 through 10

---

**DOCKET ENTRY**
[I hereby certify that this document was served by first class mail or Government messenger service, postage prepaid, to all counsel (or parties) at their respective most recent address of record in this action on this date.]
Date:_____   Deputy Clerk:_____

---

PRESENT:

### THE HONORABLE DAVID O. CARTER, JUDGE

| Kristee Hopkins | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFFS: ATTORNEYS PRESENT FOR DEFENDANTS:

NONE PRESENT                          NONE PRESENT

---

PROCEEDING (IN CHAMBERS): GRANTING DEFENDANT UBS AG'S MOTION TO DISMISS COMPLAINT

      Before the Court is Defendant UBS AG's Motion to Dismiss Complaint ("Motion"). The Court finds the matter is appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing set for February 26, 2007 has been removed from the Court's calendar. After reviewing the moving, opposing, and reply papers, for the reasons set forth below, the Court GRANTS the Motion.

## I.   BACKGROUND

      In 1985, Plaintiff Samy Cassis, then a citizen and resident of Egypt, opened an investment account in Switzerland with Union Bank of Switzerland, a predecessor bank of UBS AG, which is also a Swiss Bank. In 1993, Plaintiff Gehane Cassis, Samy Cassis's wife and also a citizen and resident of Egypt, became a co-signatory on the Cassis account. Samy Cassis and Gehane subsequently became

MINUTES FORM 11 DOCKETED ON CM

FEB 2.1 2007
BY ___   024

Initials of Deputy Clerk ___
Page 1 of 5

15

citizens of the United States in 1996 and 2000, respectively. Finally, in 2003, the Cassises signed papers to open a joint account, also established in Switzerland, with UBS AG.

On October 10, 2006, Plaintiffs brought suit in the Central District of California against UBS AG and UBS FS, an indirect subsidiary of UBS AG, seeking declaratory relief, actual damages, punitive and exemplary damages, attorneys fees, and costs. The gravamen of this suit is that Defendants maliciously committed various violations of the Securities Exchange Act, 15 U.S.C. §§ 77q(a), 78j(b), 78t, pertaining to accounts Plaintiffs held with UBS AG and that Defendants failed to transfer these holdings from UBS AG to UBS FS after receiving explicit instruction to do so. UBS AG now moves to dismiss the action for improper venue.

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(3) allows a party to move for dismissal based on improper venue. The burden is on the plaintiff to show that venue is proper. *See Nissan Motor Co. v. Nissan Computer Corp.*, 89 F. Supp. 2d 1154, 1161 (C.D. Cal. 2000) (noting that "most courts hold that the plaintiff bears the burden of establishing proper venue"). This burden is satisfied where the plaintiff provides a "prima facie showing of proper venue." *Id.*, 89 F. Supp. 2d at 1161. The Court need not accept the pleadings as true, and may look to facts outside of the pleadings. *Murphy v. Schneider Nat'l, Inc.*, 362 F.3d 1133, 1137 (9th Cir. 2004). If the Court determines that the Rule 12(b)(3) motion is sufficient, the Court must either dismiss or, "in the interest of justice," transfer the case. 28 U.S.C. § 1406(a).

Where the parties have entered into an agreement that litigation will take place in a country outside of the United States, such a forum selection clause is enforceable through a Rule 12(b)(3) motion. *Argueta v. Banco Mexicano, S.A.*, 87 F.3d 320, 324 (9th Cir. 1996). In cases involving forum selection clauses, the Court must draw all reasonable inferences and resolve all factual conflicts in favor of the plaintiff. *Murphy v. Schneider Nat'l, Inc.*, 362 F.3d 1133, 1138 (9th Cir. 2004).

## III.   DISCUSSION

In their dealings with UBS AG, Plaintiffs repeatedly agreed to litigate any disputes with UBS AG in Switzerland. The parties first reduced to writing this agreement to litigate in Switzerland in 1985, when Samy Cassis opened his account with UBS AG in Switzerland. Decl. of Eugen Boss Ex. A ("Signature Card," March 5, 1985). They also commemorated this agreement in 1993 when Gehane Cassis was added as a signatory to her husband's account, *id.* Ex. B ("Supplemental Signature Card," Feb. 1, 1993), and again in 2003 when Plaintiffs opened a joint account with UBS AG. *Id.* Ex. G ("Basic Document," Sept. 17, 2003). The General Conditions to which Plaintiffs agreed expressly stated that any litigation between Plaintiffs and UBS AG would take place in Switzerland:

**15. Applicable Law and Place of Jurisdiction.**

All legal relationship between the Customer and [UBS AG] shall be exclusively governed by and construed in accordance with Swiss law.

. . .

[T]he **exclusive place of jurisdiction** for any disputes shall be **the domicile of the [UBS AG] office with which the contractual relationship exists.**

*Id.* Ex. F, ¶ 15 ("General Conditions") (emphasis in original). Under Ninth Circuit precedent, Plaintiffs bear the burden of showing that this forum selection clause should not apply:

Forum selection clauses are *prima facie* valid, and are enforceable absent a strong showing by the party opposing the clause "that enforcement would be unreasonable or unjust, or that the clause [is] invalid for such reasons as fraud or overreaching." The opposing party has the burden "to show that trial in the contractual forum would be so gravely difficult and inconvenient that he will for all practical purposes be deprived of his day in court."

*Manetti-Farrow, Inc. v. Gucci America, Inc.*, 858 F.2d 509, 514-15 (9th Cir. 1988).

Plaintiffs do not contest that they signed these agreements, they do not deny that they knew they were signing agreements that would make Switzerland the exclusive jurisdiction for any dispute, and they do not suggest that these forum selection clauses were imposed through fraud, duress, or overreaching. Decl. of Gehane Cassis.

Instead, Plaintiffs insist that on various occasions "between 2000 and the present," they communicated with UBS AG from the United States and that they informed UBS AG in May 2000 that they had become United States citizens. *Id.* ¶¶ 6-9, 12. UBS AG vigorously disputes the latter contention. Regardless of whether Plaintiffs ever informed UBS AG of their change in citizenship, their assertions regarding American citizenship and communication from the United States are irrelevant. To begin, Plaintiffs were indisputably not American citizens or residing in the United States in 1985 and 1993 when they agreed to litigate all disputes in Switzerland. They cite no legal authority that would render these agreement unenforceable merely because they later became American citizens.

Beyond this, even the fact that Plaintiffs lived in the United States when they signed the Basic Agreement in 2003 would not be dispositive. The Ninth Circuit and the Supreme Court have repeatedly upheld forum selection agreements as against local citizens and residents. *See, e.g., M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 2-3, 92 S. Ct. 1907 (1972) (enforcing British forum

selection clause against "Houston-based American corporation" that "executed the contract and forwarded it to [the other party] in Germany"); *Carnival Cruise Lines v. Shute*, 499 U.S. 585, 587-95, 111 S. Ct. 1522 (1991) (enforcing Florida choice of forum provision in cruise ticket purchased by Washington residents through Washington travel agent, sent to customers in Washington, for cruise from California to Mexico); *Batchelder v. Kawamoto*, 147 F.3d 915, 916-20 (9th Cir. 1998) (enforcing Japanese forum selection clause against American purchaser of American Depository Receipts, issued in the United States, representing ownership interest in Japanese company).

       The fact that Plaintiffs did not travel to Switzerland to sign the Basic Agreement also does not render that agreement's forum selection clause unenforceable. While the Ninth Circuit noted that the American plaintiffs did travel to London to sign their agreements in *Richards v. Lloyd's of London*, 135 F.3d 1289 (9th Cir. 1998), its ruling was not predicated on this fact. To the contrary, that court emphasized that "[a] contractual provision specifying in advance the forum in which disputes shall be litigated and the law to be applied is . . . an almost indispensable precondition to achievement of the orderliness and predictability essential to *any* international business transaction." *Richards*, 135 F.3d at 1293 (citing *Scherk v. Alberto-Culver Co.*, 417 U.S. 506, 516, 94 S. Ct. 2449 (1974) (emphasis added). The Supreme Court has also upheld forum selection clauses where the parties resisting enforcement entered into the contract in their home states. *See, e.g., M/S Bremen*, 407 U.S. 1; *Carnival Cruise Lines*, 499 U.S. 585.

       Finally, Plaintiffs have not met their heavy burden of showing that litigating in Switzerland would effectively deprive them of their day in court. To this effect, Plaintiffs only make the conclusory argument that they "meet that burden" and identify that Switzerland is a considerable distance from their residence, does not speak English, and has a different legal system than does the United States. Of course, all of these things were also true "when [Plaintiffs] included the forum selection clause in their contract." *Manetti-Farrow*, 858 F.2d at 515. "[W]here it can be said with reasonable assurance that at the time they entered the contract, the parties to a freely negotiated private international commercial agreement contemplated the claimed inconvenience, it is difficult to see why any such claim of inconvenience should be heard to render the forum clause unenforceable." *M/S Bremen*, 407 U.S. at 16.

       Plaintiffs here offer no other argument or no particular evidence at all supporting their conclusion that litigating in Switzerland would be unduly burdensome. Accordingly, their contention that the forum selection clause they signed is unenforceable has no merit. *Spradlin v. Lear Siegler Mgmt. Servs. Co.*, 926 F.2d 865, 867 (9th Cir. 1990) ("[A]bsent some evidence submitted by the party opposing enforcement of the clause indicating fraud, undue influence, overweening bargaining power, or such serious inconvenience in litigating in the selected forum as to deprive that party of a meaningful day in court, the provisions should be respected as the expressed intent of the parties.") (citing *Pelleport Investors, Inc. v. Budco Quality Theatres, Inc.*, 741 F.2d 273, 280 (9th Cir. 1984)).

## IV.    DISPOSITION

For the foregoing reasons, the court GRANTS UBS AG's Motion.  UBS AG is hereby DISMISSED from Plaintiffs' Complaint.

The Clerk shall serve this minute order on all parties to the action.

MINUTES FORM 11 DOC                                    Initials of Deputy Clerk _____
CIVIL - GEN                                            Page 5 of 5