1  GEORGE M. GARVEY (SBN 089543)
   *george.garvey@mto.com*
2  355 South Grand Avenue, Thirty-Fifth Floor
   Los Angeles, CA  90071-1560
3  Telephone:    (213) 683-9100
   Facsimile:     (213) 687-3702
4
   YOHANCE C. EDWARDS (SBN 237244)
5  *yohance.edwards@mto.com*
   MUNGER, TOLLES & OLSON LLP
6  560 Mission Street, Twenty-Seventh Floor
   San Francisco, CA  94105-2907
7  Telephone:    (415) 512-4000
   Facsimile:     (415) 512-4077
8

9  Attorneys for Defendant
   UBS AG

10

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| HANA HILSENRATH, OLIVER HILSENRATH,<br><br>Plaintiffs,<br><br>vs.<br><br>CREDIT SUISSE (CS), UNITED BANK OF SWITZERLAND (UBS) AND DOES 1-10,<br><br>Defendants. | CASE NO.  C 07 5374 WHA<br><br>UBS AG'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS THE COMPLAINT<br><br>Date:   January 24, 2008<br>Time:   8:00 a.m.<br>Place:   Courtroom of<br>          Honorable William H. Alsup |

## INDEX OF EXHIBITS TO REQUEST FOR JUDICIAL NOTICE

1. Order Granting Defendant's Motion to Dismiss and Vacating Hearing in *Hilsenrath v. The Swiss Confederation*, C 07-02782 WHA (N.D. Cal. Oct. 23, 2007).

2. Oliver Hilsenrath's Amended Motion for a Writ of Injunction in *United States v. Hilsenrath*, CR 03-0213 WHA, which the court later deemed a new civil complaint in *Hilsenrath v. United States*, C 07-05100 WHA.

3. UBS Opening an Account Document signed by Oliver and Hana Hilsenrath on October 29, 2000, Ex. A to Giuseppe Iannazzone Declaration.

# REQUEST FOR JUDICIAL NOTICE

Under well-established law, "facts subject to judicial notice may be considered on a motion to dismiss" without converting the motion into one for summary judgment. *Mullis v. U.S. Bankruptcy Ct.*, 828 F.2d 1385, 1388 (9th Cir. 1987); *accord Barron v. Reich*, 13 F.3d 1370, 1377 (9th Cir. 1994). Under equally well-established law, "[t]he court [reviewing a motion to dismiss] need not accept as true [] allegations that contradict facts that may be judicially noticed by the court." *Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000). Defendant United Bank of Switzerland AG (hereinafter "UBS") respectfully requests that the Court take judicial notice of the matters set forth below. Each of these matters is subject to mandatory judicial notice under Federal Rule of Evidence 201 as a fact that is "not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

The court may take judicial notice of Oliver Hilsenrath's Amended Motion for Writ of Injunction in *United States v. Hilsenrath* (which the court later deemed a new civil complaint in *Hilsenrath v. United States*, C 07-05100 WHA) and the October 23, 2007 court order in *Hilsenrath v. The Swiss* Confederation, C 07-02782 WHA, because they are matters of public record. *See Lee v. City of Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001); *see also Eaton v. Siemens*, No. CIV.S-07-315 FCD KJM, 2007 WL 1500724, at *3, n.8 (E.D. Cal. May 23, 2007) ("The court may properly take judicial notice of matters of public record, such as pleadings in another action.").

Judicial notice of the Opening an Account Document, signed by the Hilsenraths when they opened their UBS account, is proper because plaintiffs allege that had they known that the United States Constitution would not apply to their account, they would not have invested their assets in the UBS account. *See* Compl. ¶ 20. The Hilsenraths' Complaint is predicated on the notion that they were not informed that the United States Constitution would not govern their UBS account, and the Opening an Account Document contradicts this assertion. As the Ninth

Circuit has held, courts may take judicial notice of documents that a Complaint is predicated on. *See Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998) (when a complaint is "predicated upon a document," courts may consider it at the pleading stage "even if the plaintiff's complaint does not explicitly refer to it"); *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005) ("We have extended the 'incorporation by reference' doctrine to situations in which the plaintiff's claim depends on the contents of a document, the defendant attaches the document to its motion to dismiss, and the parties do not dispute the authenticity of the document, even though the plaintiff does not explicitly allege the contents of that document in the complaint."); *In re Calpine Corp. Sec. Litig.*, 288 F. Supp. 2d 1054, 1076 (N.D. Cal. 2003) ("[T]he Court may [also] take judicial notice of documents on which allegations in the [complaint] necessarily rely, even if not expressly referenced in the [complaint], provided the authenticity of those documents are not in dispute."); *In re Northpoint Commc'ns Group, Inc., Secs. Litig.*, 221 F. Supp. 2d 1090, 1095 (N.D. Cal. 2002) ("In ruling on a motion to dismiss, a court may take judicial notice of a document if it is relied on in the complaint (regardless of whether it is expressly incorporated therein) and its authenticity is not disputed."); *see also Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994); *In re Silicon Graphics, Inc. Secs. Litig.*, 183 F.3d 970, 986 (9th Cir. 1999) (a plaintiff who relies on documents in formulating his complaint "can hardly complain when [defendants] refer to the same information in their defense" on a motion to dismiss).

For the foregoing reasons, Defendants respectfully request that the Court take judicial notice of the documents that are attached to this Request for Judicial Notice.

DATED: December 7, 2007

Munger, Tolles & Olson LLP
  GEORGE M. GARVEY
  YOHANCE C. EDWARDS

By: */s/ Yohance C. Edwards*
    YOHANCE C. EDWARDS

Attorneys for Defendant
UBS AG