IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HANA HILSENRATH, OLIVER HILSENRATH,<br><br>    Plaintiffs,<br><br>  v.<br><br>CREDIT SUISSE(CS), UNITED BANK OF SWITZERLAND (UBS), and DOES 1–10,<br><br>    Defendants.<br>                                       / | No. C 07-05374 WHA<br><br>**ORDER GRANTING MOTION TO DISMISS AND VACATING HEARING** |

**INTRODUCTION**

In this product-liability action, pro se plaintiffs Oliver and Hana Hilsenrath have filed suit against defendant corporations Credit Suisse ("CS") and United Bank of Switzerland ("UBS"). According to the complaint, defendants failed to alert plaintiffs — by means of a product-warning label — that their banks could not guarantee compliance with the United States Constitution. Defendant UBS now moves to dismiss the complaint for improper venue and failure to state a claim upon which relief can be granted. This order agrees and therefore **GRANTS** the motion to dismiss.

**STATEMENT**

For purposes of the instant motion to dismiss, this order assumes that the following allegations in the complaint are true. Plaintiffs saved and invested their assets in CS and UBS, two Swiss banks. In 2005, the Swiss government ordered a freeze on plaintiffs' assets because plaintiff Oliver Hilsenrath was suspected of engaging in criminal activity. This Court, in a

1  separate action, eventually determined that these assets were not ill-gotten and requested that
2  they be released by the Swiss government (*Hilsenrath v. United States of America*, CR 03-
3  00213 WHA).  The assets were not released.  Plaintiffs then sued the Swiss government for
4  unlawfully confiscating their assets.  In their first court appearance, the Swiss government
5  claimed that it was not bound by the United States Constitution (Compl. ¶¶ 2–8, 13–19).  In that
6  action, this Court held that it lacked subject-matter jurisdiction over plaintiffs' claims and
7  granted the Swiss government's motion to dismiss (*Hilsenrath et al. v. The Swiss Confederation
8  et al.*, C 07-02782 WHA).

        Plaintiffs subsequently sued CS and UBS.  They assert three claims against defendants.
*First*, plaintiffs opened accounts with the Swiss banks with the understanding that the banks would uphold their constitutional rights (regarding property).  Had plaintiffs known that the Swiss banks were not obligated to adhere to the Constitution, they would not have invested their assets there.  CS and UBS should therefore be ordered to add product-warning labels to all of their products and advertisements, informing others that the banks are not bound by the Constitution.  *Second*, plaintiffs seek $7.5 million to compensate them for losses of that amount — resulting from their investments in CS and UBS.  *Third*, because they incurred "additional significant damages as the result of their lack of access to the funds held in the two banks and invested there," plaintiffs are entitled to other damages (Compl. ¶¶ 25–31).  As stated, there is really one claim because the last two are for damages based on the same alleged failure to warn.  Specifically, plaintiffs request that the banks be compelled "to alert their present and prospective US clients by means of a product-warning label that the banks cannot guarantee the banks' compliance with the United States' Constitution and its provisions to protect constitutional rights to property" (*id.* at ¶ 8).

**ANALYSIS**

Defendant UBS moves for dismissal for failure to state a claim upon which relief can be granted, pursuant to Rule 12(b)(6).  A motion to dismiss under Rule 12(b)(6) tests for the legal sufficiency of the claims alleged in the complaint.  *See Parks Sch. of Business v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995).  All material allegations of the complaint are taken as true

1  and construed in the light most favorable to the nonmoving party. *Cahill v. Liberty Mut. Ins.*
2  *Co.*, 80 F.3d 336, 340 (9th Cir. 1996). "While a complaint attacked by a Rule 12(b)(6) motion
3  to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the
4  'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a
5  formulaic recitation of the elements of a cause of action will not do. Factual allegations must be
6  enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*,
7  127 S.Ct. 1255, 1264–65 (2007).[1]

Plaintiffs contend that CS and UBS should have had a "product-warning label" to inform present and prospective clients that "the Swiss government and subsequently the Swiss banks are not obligated by the rights to property as stipulated by the United States' Constitution." They explain that "American clients should be warned to stay with such as Bank of America or Wells Fargo or other banks that abide to US and international rights of property" and "American clients should be warned <u>not to buy into a false globalization</u>" (Reply Br. 3, underlining in original).

This order disagrees. There is no authority whatsoever supporting plaintiffs' proposition. Here, the Swiss government — and *not* defendants — ordered the freeze on plaintiffs' assets due to a criminal investigation (Compl. ¶¶ 3–5, 13–17). CS and UBS complied with the Swiss government, which in turn, acted under Swiss law. Plaintiffs have already tried to sue the Swiss government for unlawfully depriving plaintiffs of their property. They did not succeed. In that action, this Court held that there was a lack of subject-matter jurisdiction over plaintiffs' claims (*Hilsenrath et al. v. The Swiss Confederation et al.*, C 07-02782 WHA).

With respect to tort actions, "[t]he law does not impose a duty to warn of an obvious danger." *Poston v. United States*, 396 F.2d 103, 107 (9th Cir. 1968). *See also Van Der Veen v. United States*, 349 F.2d 583, 586 (9th Cir. 1965). CS and UBS had to abide by the orders of the Swiss government. Furthermore, as stated by defendant, it was obvious that "the actions of the Swiss government acting in sovereign Swiss territory against assets in a Swiss bank account are governed by Swiss law, rather than the United States Constitution" (Br. 6).

---

[1] Unless indicated otherwise, internal citations are omitted from all cites.

3

1    Even if there were a duty to warn (which this order does not concede), plaintiffs did

2 receive some warning that their accounts would be governed *exclusively* by Swiss law.

3 According to the "general conditions and place of jurisdiction" section of the UBS opening

4 account statement, which was signed by both Oliver and Hana Hilsenrath and dated

5 October 29, 2000 (Iannazzone Decl. Exh. A at 2) (emphasis added):[2]

> The present Agreement and/or Declaration shall be *exclusively
> governed by and construed in accordance with Swiss Law*.
> The place of performance of all obligations of both parties,
> the place of debt collection, the latter only for Customers
> domiciled outside Switzerland, as well as the exclusive place of
> jurisdiction for any disputes arising out of and in connection with
> the present Agreement and/or Declaration *shall be Basel
> [Switzerland]*. UBS reserves the right, however, to take legal
> action against the Undersigned before the authority of his/her/its
> domicile or before any other competent authority, in which event
> *exclusively Swiss law shall remain applicable*.

12 Although plaintiffs claim that they would not have invested their money in the defendant

13 banks had they known about the governing law, the opening account statement shows

14 otherwise. This order finds that there is no need for the banks to provide a product-warning

15 label to current and prospective bank clients. Plaintiffs' complaint is hereby dismissed.

16 Defendant's improper-venue argument need not be addressed because plaintiffs' complaint is

17 already dismissed for failure to state a claim upon which relief can be granted.

## CONCLUSION

19    CS and UBS did not have a duty to warn plaintiffs that Swiss law — and not the laws

20 of the United States — would govern the actions of the Swiss government (and therefore the

21 Swiss banks). Even if they had a duty to warn (which they did not), there is at least one

22 documented example of this exact warning being provided to plaintiffs. The Hilsenraths have

---

[2] "A district court ruling on a motion to dismiss may consider documents 'whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the [plaintiff's] pleading.' Although we have yet to apply this rule to documents crucial to the plaintiff's claims, but not explicitly incorporated in his complaint, such an extension is supported by the policy concern underlying the rule: Preventing plaintiffs from surviving a Rule 12(b)(6) motion by deliberately omitting references to documents upon which their claims are based. At least one other circuit has held that if a plaintiff's claims are predicated upon a document, the defendant may attach the document to his Rule 12(b)(6) motion, even if the plaintiff's complaint does not explicitly refer to it." *Parrino v. FHP, Inc.*, 146 F.3d 699 (9ths Cir. 1998), *superceded by statute on other grounds as recognized in Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 681 (9th Cir. 2006). Plaintiffs do not dispute the authenticity of this document in their opposition.

4

therefore failed to state a claim upon which relief can be granted.  The motion to dismiss is **GRANTED**.  The hearing is unnecessary and is therefore **VACATED**.

**IT IS SO ORDERED.**

Dated: January 10, 2008

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

5