January 15, 2008

OLIVER HILSENRATH
822 Eastbrook Court
Danville CA 94506
Tel: 925 212 6299
OHLX@SBCGLOBAL.NET

Hon. William H. Alsup
District Judge
Northern District of California
450 Golden Gate Avenue, 19th Floor
San Francisco, California 94102

SUBJECT: Letter in reply to ORDER TO SHOW CAUSE
In Case 3:07-cv-05374-WHA, Document 28, filed 01/11/2008

Your Honor,

This letter is in reply of the above order to show cause.

In the abovementioned order this court is essentially threatening to bar Mr. Hilsenrath's access to the United States Courts.

The court stated:

"Mr. Hilsenrath is ORDERED TO SHOW CAUSE within fourteen days of the filing of this order as to why he should not be declared a vexatious litigant and obtain a pre-filing review from the undersigned with respect to any future actions or appeals involving the underlying proceeding. The Clerk shall close this file and file a copy of this order in a newly numbered miscellaneous proceeding file. Mr. Hilsenrath's response to the order to show cause shall bear the number of the miscellaneous matter and shall be filed therein."[1]

The court is citing in its order the following cases:

- Case 3:03-cr-00213-WHA USA v. Hilsenrath, et al, and the related Case 3:07-cv-05100-WHA Hilsenrath v. USA[2]
- Case 3:03-cv-03252-WHA SEC v. Hilsenrath et al
- Case 3:07-cv-02782-WHA Hilsenrath et al v. The Swiss Confederation et al
- Case 3:07-cv-05374-WHA Hilsenrath et al v. Credit Suisse (CS) et al

---

[1] To the date of this reply, no new miscellaneous proceeding file was available, therefore this reply is filed in the instant docket.
[2] Case 3:07-cv-05100-WHA Hilsenrath v. USA was filed by order of this Court, see Doc 425 in case CR03-00213WHA

1

**INTRODUCTION**

The 5-years-long case *CR03-00213WHA USA v. Hilsenrath* is "the sum of all fears" for every man or woman.

Today, citizens are under the impression that in the USA they enjoy the protection of the United States Constitution, in Israel of the Israeli law, in Switzerland of the Swiss constitution and, in general, the world abides to a Geneva Convention prescriptions of human rights. All the above legal systems agree, each in its own form, to protections of rights, liberties and freedoms.

Not anymore.

In this court, the MLAT showed its ugly face. The Mutual Legal Assistance Treaty. The MLAT is essentially a contract between prosecutors of different nations by which they can circumvent the courts, the constitutions, and the protections of law of each and every country.

The pretext – efficiency, collaboration, globalization.

This court was a passive bystander to a 25-years-old novice prosecutor's initiative to abuse every right prescribed by the Constitution in regards with the Hilsenrath family. In that process, two generations worth of legitimately accumulated assets were destroyed in vane. The good name of a dozen families of reputable persons was wrongfully tarnished.

This court seeks now to provide shelter to the abusers by means of slippery jurisdictional arguments and sovereignty shields.

Not only are the Hilsenraths committed to restore their good name and return their belongings. As a matter of public service, the Hilsenraths have made a commitment to pursue every viable method to prevent others from walking the same Via Dolorosa.

The present "order to show cause" is a further attempt of this court to muffle the broad dissemination of the objectionable Docket CR03-00213WHA and related actions.

Besides bringing their case to the 9th circuit court of appeals, the Hilsenraths shall draw the attention of the United States lawmaker of the loopholes that permit practices such as seen in CR03-00213WHA, practices aiming to turn the clock of civil rights back to the dark ages.

**S-N-A-F-U**

Mr. and Mrs. Hilsenrath lost legitimately obtained assets unrelated to any plea or allegation of wrongdoing.

Mrs. Hilsenrath lost her assets without ever having a dispute with the USA, with the Swiss or with this court.

In proceedings of this court, the US government together with the Swiss government and two banks, CS and UBS, seized, traced, confiscated and destroyed legitimately obtained Hilsenrath family assets. [See Docs 302 ands 309, Case 03-00213WHA].

The tragedy created by an MLAT request of the USA from the Swiss to seize the Hilsenrath family assets, on knowingly false premises, was termed by this court in military slang: SNAFU – $\underline{S}$ituation $\underline{N}$ormal, $\underline{A}$ll $\underline{F}$ouled $\underline{U}$p.[3]

[See Transcripts May 10 and June 8, 2006 and Doc 112 of Case C03-03252WHA]

The Hilsenrath family will not settle for SNAFU.
The Hilsenrath family wants its legitimate assets back.

The assets shall be returned by either, or all, of the above conspirators involved in the loss: the US government for its fraudulent request for freeze in 2005, the Swiss government for tracing and destroying assets in multiple countries while being briefed by this court that they were found to be legitimate [Docs 302, 309 and 112 above], or from the two banks that are not warning prospective clients of the unreasonable risks of investing in Swiss-controlled banks. (This court stated in Doc 302 and 309 that had the assets been in the US they would have been released pursuant to its orders.)

---

[3] **snafu**
Oxford English Dictionary: "1941, U.S. military slang, acronym for situation normal, all fucked up, (the dictionary suggest the substitution "fouled up" for literary use – adopted in this letter) conveying the common soldier's laconic acceptance of the disorder of war and the ineptitude of his superiors."

3

If the court knows of additional avenues of returning the legitimate assets to their owners, then the Hilsenraths, *pro se* litigants, would welcome that assistance. Courts in the USA are expected to assist *pro se* litigants by suggesting proper amends to their pleadings, not by blocking access to the courts in defeat of an attempt to seek redress.

Certainly, courts cannot tolerate fraudulent use of multiple jurisdictions by prosecutors to improperly impeach and destitute persons, and then leverage on a slippery jurisdiction trap to avoid adjudication and prevail.

In conclusion, the Hilsenraths' legitimate assets need to be returned to the Hilsenraths.

The Hilsenraths know no other method to achieve their goal but to apply to the courts.

The Hilsenrath family respectfully requests this court to <u>not</u> further hinder their efforts to recover wrongfully taken assets and liberties.

**NO CONNECTION BETWEEN THE HILSENRATH PLEA AND THE LOST ASSETS**

In its order this court infers that because Mr. Hilsenrath pled guilty, he and his family shall not have a right to bring their claims about improperly taken assets and false impeachment.

Hana and Oliver Hilsenrath believe that the above statement, if indeed intended by the court, is improper.

The Hilsenrath Family cannot be barred from seeking access to the courts because Oliver Hilsenrath entered a plea.

Collective punishment is not accepted in this country and throughout the civilized world.

**INACCURACIES IN THE COURT'S ORDER TO SHOW CAUSE**

I.  Cases *3:07-cv-02782-WHA Hilsenrath et al v. The Swiss Confederation et al* and Case *3:07-cv-05374-WHA Hilsenrath et al v. Credit Suisse (CS) et al* are not filed by Mr. Hilsenrath as the court states in error.

Hana Hilsenrath, Oliver Hilsenrath and other family members filed both cases to recover wrongfully taken family assets. The court itself in Docs 302, 309 and 112 above, established the wrongful taking of the assets.

Hana Hilsenrath and the rest of the Hilsenrath family never had a dispute with the US government, with the Swiss government or with this court.

It is inconceivable that they should be hindered in their legitimate and lawful access to the US legal system to seek relief.

II. Case *3:07-cv-05100-WHA Hilsenrath v. United States of America* was not filed by Mr. Hilsenrath, as the court states in its order in error.

Mr. Hilsenrath simply filed a motion in the criminal case CR03-00213WHA to enjoin the US government, party in that criminal case, to walk away from the Swiss SNAFU initiated and caused by the US government itself.

Fully aware of the full content of that pleading, this court, at the advice of the US government, separated the motion into a new civil case C07-5100WHA.

More so, the court should have known from the very start that it transferred the motion into an unworkable legal procedure, in which the same court intends to not allow jurisdiction - rendering the action ineffective.

In other words, that motion (writ of injunction) was diffused by the court itself before it was even considered.

**CONFLICTING AND UNWORKABLE COURT ORDERS**

The need to file multiple legal actions is the result of this court's conflicting and unworkable orders.

As part of his plea, Mr. Hilsenrath promised to make certain payments to the USA out of legitimate funds frozen by the Swiss.

As said in C07-5100WHA, Hilsenrath asked the court essentially to enjoin the US government from walking away from the Swiss SNAFU initiated and fueled by the US government itself.

In [Doc 18/07-5100] 1/3/08 the court states its understanding that the Swiss are confiscation the Hilsenrath assets:

*"Ten days after service of the order, unless an appeal is made, Hilsenrath's family assets will be confiscated. Hilsenrath therefore attempts to halt service of the Swiss order by filing an "Amended Motion for a Writ of Injunction" in United States v. Hilsenrath, CR 03-00213 WHA."*

When on the other hand Hilsenrath filed in case CR03-00213WHA a motion to release him of financial obligations, now moot due to the Swiss confiscation, the court also denied <u>that</u> request stating that Mr. Hilsenrath should simply instruct the Swiss banks to transfer the money to the USA Doc 432/03-00213:

*"The Swiss authorities could first transfer the funds directly to defendant, who could then transfer the agreed-upon amount to the United States. Or, defendant could direct the foreign banks to transfer the funds directly to the United States. Defendant need not agree to a forfeiture."*

How can the two orders coexist?

Mr. Hilsenrath is left no choice but to appeal the issue: On one hand he is obligated to pay funds confiscated by the Swiss, on the other hand he is denied jurisdiction to adjudicate the unlawful taking by the Swiss, and on the third hand he is not relieved of the duty to pay the same funds.

**BREACHES OF DUE PROCESS AND JUDICIAL ECONOMY**

When the court found in June 2005 through a Hilsenrath letter [R. Breakstone Doc 71 C03-03252] followed by countless motions for relief, that the US government improperly cut Mr. Hilsenrath off his resources in breach of due process [see transcripts above] this court should have dismissed both cases CR 03-00213WHA and C03-3252WHA.

The court opted to turn these cases into years-long legal conundrums, while leading Mr. Hilsenrath from being able to afford an attorney, to the public defender and ultimately to self-representation.

Courts in the United States have objected to such conduct.

In the recent KPMG trial, a New York District Court dismissed a case against a dozen defendants for much lesser abuses of due process by the government. That court criticized, in harsh words, conduct that was accepted and praised in this court.

Many millions of taxpayers' Dollars could have been saved. Many years of wasted court proceedings, and many weeks of worthless foreign travel were saved, not to mention "the drainage of this court's limited resources".

While this court is now contemplating to hinder Mr. Hilsenrath to access the courts, it continues to promote the abuse of due process by entertaining in its 5th year an aimless trailing SEC action following the US government's elimination of assets [See transcript/hearing/May 10, 2006, case C03-03252].

**GOVERNMENT SPONSORED FINANCIAL PIRACY**

This court was, and still is, the stage of a new kind of government sponsored financial piracy based on Mutual Legal Assistance Treaties.

As said, as a matter of public service, the Hilsenraths are alerting the higher courts of the genesis of the above newly-founded trend and shall try to compel measures to block future MLAT-SNAFU's.

This is how the MLAT scheme works and this is how it was operated in case CR03-00213WHA and offspring cases, in defeat of due process:

1. A bogus forfeiture allegation was included *sub silentio* in an indictment [see abovementioned Transcript May 10, 2006/CR03-03252WHA]

2. Targeted assets of the Hilsenrath family were identified internationally. The assets were known to be legitimate since 2004, a year earlier [see transcripts October 17, 18, 2005 CR03-00213WHA].

7

3. An MLAT request was sent secretly to Switzerland in April 2005 to trace and seize the Hilsenrath's assets in Europe under bogus and made up allegations [see H. West MLAT request attached *inter alia* to doc 71 C03-03252WHA and October 14, 18 2005 transcripts CR03-00213WHA].

4. No court order was required by the USA in order to prompt the Swiss to seize assets (it was a prosecutor-to-prosecutor request). Such order would be required to seize assets in the US.

5. The bogus forfeiture allegation in the indictment was sufficient as means of *prima facie* evidence.

6. A Swiss prosecutor received the MLAT request and seized assets based on the bogus *prima facie* evidence and without the need for a local court order (still a prosecutor-to-prosecutor action). The reason: the request came from a qualified foreign authority.

7. The Hilsenraths discovered the financial disaster [Doc 71 above] and prompt the court, the USA and the OIA.
The Hilsenraths' assets are seized and liquidated over 2 years. Their partners are interrogated in multiple countries and their businesses are liquidated. Their partners are defamed, their good name tarnished.

8. The court in the US, repeatedly alerted of the events, takes, inexplicably, no measures.

9. More than a year later, the US Government admits its error [Doc 112 Case 3252, Transcripts above] in May 2006.

10. Oliver Hilsenrath seeks relief in the US where the seizure action was initiated, where the bogus forfeiture allegation and the bogus MLAT request to freeze were issued. [Case CR03-00213WHA]

11. This court in the US denies all motions for relief.

12. The Hilsenraths than turned to the US court in an action against the Swiss government officials that effected the actual taking.
    The US court promptly dismissed the case on the grounds of state immunity [C07-02782WHA].

13. The Swiss are sending by mail, via the US-DOJ/OIA, a notice to Oliver Hilsenrath in the USA announcing the final confiscation of the assets, without adjudication and without even bothering to bring charges.
    The Swiss maintain an indefinitely open criminal investigation of the bogus US allegations. [Writ C07-5100WHA]

14. The United States promptly effects service on Hilsenrath of the Swiss criminal judgment turning the damage permanent.

15. Oliver Hilsenrath turned to the court in the United States for relief from the mail service of the Swiss bogus criminal judgment. [Hilsenrath v. USA C03-5100]
    The objective: to prevent the USA to walk away from the SNAFU - threatening now to turn into a <u>permanent</u> SNAFU.

16. The court in the US again turned Hilsenrath down for lack or jurisdiction over the US, over the Swiss, and over the Treaty itself.

17. The court in the US essentially sends the Hilsenraths to seek relief of the SNAFU in Switzerland if they wish. This court also states that the Swiss actually had probable cause for their freeze because they were initially asked by the US (albeit wrongfully) to freeze the Hilsenraths' assets.

18. In any case, exhausted financially as the result of the scheme, the Hilsenraths can barely afford any adjudication.

19. The US court is now trying to block the Hilsenraths' access to the appeal court; The Hilsenraths and their partners shall therefore remain baselessly impeached of criminal conduct without a forum to adjudicate – indefinitely.

20. The vicious circle is complete. In this court's own terms – eternal SNAFU: Situation Normal – All Fouled Up.

**CONCLUSION**

1. **HILSENRATH CASES PRESENTLY UNDER THE JURISDICTION OF THIS COURT**

In the two cases presently under the jurisdiction of this court, the Hilsenrath family is seeking CLOSURE.

Closure of the Criminal case CR03-00213WHA, of the trailing SEC case C03-3252WHA and a resolution of the related SNAFU caused by a malicious MLAT request of the United States in April 2005.

That closure can occur by compelling the US government to fix what it broke, or by the Hilsenraths themselves adjudicating the matter in this jurisdiction, the home of the SNAFU.

2. **THE HILSENRATHS PREVAILED IN OTHER COURTS**

This court is uninformed on the Hilsenraths' cases in other courts.

   a. In two other courts in this jurisdiction, Hana and Oliver Hilsenrath recently prevailed.
   b. In a District Court case, *Janvrin et al v. Hilsenrath et al. and Counterclaim*, the Hilsenraths were granted a significant award.

  c. In a California Superior Court case, *Hilsenrath et al. v. Nixon Peabody et al.*, the Hilsenraths' were recently granted a petition under California Rule 1714(10).

  d. Cases *Hilsenrath v. Swiss Confederation and Hilsenrath v. USA* are now under the jurisdiction of the 9th Circuit Court of Appeals. Therefore only <u>that</u> court can opine if these actions do, or do not, have merit.

The Hilsenrath family is under the impression that the attempt of this court to preview the Hilsenrath various (related and unrelated) filings is of retaliatory nature to all members of the Hilsenrath family.

I respectfully ask this court to abandon its instant initiative.

Very truly yours,


_____/s_____
OLIVER HILSENRATH