IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

HANA HILSENRATH, and OLIVER HILSENRATH,

    Plaintiffs,

  v.

CREDIT SUISSE(CS), UNITED BANK OF SWITZERLAND (UBS), and DOES 1–10,

    Defendants.

No. C 08-80005 MISC WHA

**ORDER REQUIRING PRE-FILING REVIEW**

## INTRODUCTION

Because of his extensive history of filing civil actions, plaintiff Oliver Hilsenrath was **ORDERED TO SHOW CAUSE** as to why he should not be declared a vexatious litigant and subjected to a pre-filing review requirement. For the reasons stated below, this order **FINDS** that Mr. Hilsenrath's history of filing frivolous actions justifies pre-filing restrictions. As such, this order **BARS** Mr. Hilsenrath from filing further actions in this district court without complying with the pre-filing procedures outlined below.

## STATEMENT

In 2003, Mr. Hilsenrath was charged by indictment with tax evasion, security fraud, and wire fraud, among other charges. In 2005, the Swiss government ordered a freeze on Mr. Hilsenrath's assets out of suspicion that these assets had been acquired illegally.

1  In February 2007, Mr. Hilsenrath pled guilty to tax evasion and securities fraud. In the plea
2  agreement, Mr. Hilsenrath agreed to "repatriate all remaining money and assets presently held
3  by the Swiss authorities or frozen by the Swiss authorities in other jurisdictions, which [he]
4  estimate[d] as approximately $2,000,000" (CR 03-0213 WHA, Dkt. 366) Mr. Hilsenrath also
5  agreed to "withdraw any claim to these assets and file no further actions in the future
6  concerning the funds" (*ibid.*).

7  Over the past year, Mr. Hilsenrath (sometimes with his spouse) has filed numerous
8  motions and actions before this Court as a pro se litigant. On May 29, Mr. Hilsenrath and
9  members of his family sued the Swiss government for seizing assets held by Swiss banks.
10 *See Hilsenrath v. The Swiss Confederation, et al.,* C 07-02782 WHA. On October 25, 2007,
11 Mr. Hilsenrath moved the Court to alter judgment and dismiss the financial commitments he
12 had agreed to in his plea agreement in *United States v. Hilsenrath*, CR 03-0213 WHA.
13 In another action filed on October 22, Mr. Hilsenrath and his wife, Hana Hilsenrath, asked the
14 Court to order the Swiss banks to use "product-warning labels" stating that the banks would not
15 comply with the United States Constitution. *See Hilsenrath, et al. v. Credit Suisse, et al.*,
16 C 07-05374 WHA. On September 13, Mr. Hilsenrath moved for a writ prohibiting the
17 United States from returning proof of service of a Swiss order. *See Hilsenrath v. United States*,
18 C 07-05100 WHA.

19 Mr. Hilsenrath has also filed numerous actions and motions before other judges related
20 to a 2001 civil settlement agreement between Mr. Hilsenrath and several foreign corporations.
21 In 2002, several foreign corporations sued Mr. Hilsenrath and U.S. Wireless Corporation,
22 of which Mr. Hilsenrath was CEO. The complaint alleged fraud related to the formation of the
23 settlement agreement, among other claims. *See Janvrin Holdings Limited, et al. v. Hilsenrath,*
24 *et al.,* C 02-01068 CW. Mr. Hilsenrath and his wife counterclaimed, alleging that the plaintiffs
25 invaded their privacy in violation of the California Constitution by improperly obtaining private
26 financial information about them. The counterclaim further alleged that plaintiffs had used this
27 information to "blackmail" Mr. Hilsenrath into the settlement agreement. On July 18, 2007,
28 the court entered default against the plaintiffs, who had stopped appearing, and granted

Mr. Hilsenrath's motion for default judgment on his counterclaims. Mr. Hilsenrath later filed a motion to alter judgment, disputing the amount of damages awarded and seeking to join an additional counterdefendant, Equity Trust. In denying this motion, the court noted it had already denied a motion by the Hilsenraths to join this counterdefendant and "that absent grounds warranting reconsideration and leave of the Court pursuant to Civil Local Rule 7-9, [the Hilsenraths] may not renew any motion which has already been denied" (C 02-01068 CW, Dkt. 313).

Mr. Hilsenrath subsequently initiated four additional actions related to the 2001 settlement agreement. In an action filed on June 25, 2007, Mr. Hilsenrath sued Equity Trust and several other foreign corporations and citizens, alleging RICO violations, malicious prosecution, and extortion in relation to the 2001 settlement agreement. In another action, Mr. Hilsenrath sued Equity Trust and several foreign corporations, alleging obstruction of justice and violations of Due Process concerning the 2001 settlement agreement. *See Hilsenrath v. Equity Trust (Jersey) Limited, et al.,* C 07-04162 CW. Motions to dismiss are still pending in these cases. In *Hilsenrath, et al. v. Nixon Peabody LLP, et al.,* C 07-03193 CW, Mr. Hilsenrath filed a petition under California law seeking an order allowing him to file a complaint against the law firm of Nixon Peabody LLP and two of its partners. An order dismissed this action for lack of subject-matter jurisdiction. In *Hilsenrath, et al. v. Shepard, et al.,* C 07-03586 EDL, Mr. Hilsenrath sued Heller Ehrman, a law firm, alleging malpractice, negligence, and breach of duty of care, among other claims. This action was also dismissed for lack of subject-matter jurisdiction.

As discussed in the order dated January 11, 2008, Mr. Hilsenrath was ordered to show cause as to why he should not be declared a vexatious litigant and subjected to a pre-filing review requirement. On January 15, 2008, he filed a response to the order to show cause.

**ANALYSIS**

Federal courts have the inherent power to regulate the activities of vexatious litigants. Under the power of 28 U.S.C. 1651(a), courts may restrict litigants with "abusive and lengthy histories" from filing further actions. *De Long v. Hennessey*, 912 F.2d 1144, 1147 (9th Cir

3

1990). According to the Ninth Circuit, a district court may impose pre-filing restrictions on a vexatious litigant, including a pro se litigant, provided that it (i) gives the litigant an opportunity to oppose the order before it is entered; (ii) creates an adequate record for review; (iii) makes substantive findings as to the frivolous or harassing nature of the litigant's actions; and (iv) drafts a sufficiently tailored order. *Id.* at 1145-48.[*]

### 1. NOTICE AND OPPORTUNITY TO OPPOSE.

As required under the Ninth Circuit's approach, Hilsenrath has received notice of the pre-filing restrictions and an opportunity to oppose them. On January 11, 2008, this Court ordered Mr. Hilsenrath to show cause within fourteen days as to why he should not be declared a vexatious litigant. On January 15, Mr. Hilsenrath filed an 11-page response to the order to show cause.

### 2. ADEQUATE RECORD FOR REVIEW.

The Ninth Circuit also requires the district court to create an adequate record for review when issuing a vexatious-litigant order. "An adequate record for review should include a listing of all the cases and motions that led the district court to conclude that a vexatious litigant order was needed." *De Long*, 912 F.2d at 1147.

As shown, Mr. Hilsenrath has filed numerous motions and actions before the undersigned, including the following:

(i) In *Hilsenrath, et al. v. Credit Suisse, et al.*, C 07-05374 WHA, Mr. Hilsenrath and his wife filed suit against Credit Suisse and the United Bank of Switzerland. He claimed that defendants should be ordered to use "product-warning labels" to alert clients that the banks would not comply with the United States Constitution. Defendant UBS's motion to dismiss was granted on the grounds that plaintiff failed to state a claim upon which relief could be granted.

(ii) In *Hilsenrath v. The Swiss Confederation, et al.*, C 07-02782 WHA, Mr. Hilsenrath sued the Swiss Confederation and Swiss government officials for

---

[*] Unless indicated otherwise, internal citations are omitted from all cites.

4

freezing his assets during a criminal investigation. An order held that the Swiss defendants were entitled to sovereign immunity under the Foreign Sovereign Immunities Act. Because the Court lacked subject-matter jurisdiction over plaintiffs' claims, defendants' motion to dismiss was granted.

(iii) In the same action, *Hilsenrath v. The Swiss Confederation, et al.*, C 07-02782 WHA, Mr. Hilsenrath filed a motion to alter judgment and dismiss his financial commitments in *United States v. Hilsenrath*, CR 03-0213 WHA. He claimed that the earlier order granting defendants' motion to dismiss on grounds of lack of subject-matter jurisdiction legitimized the Swiss seizure of his assets. Because he had agreed, under the terms of his plea agreement, to pay restitution out of legitimate funds and had not agreed to the "criminal forfeiture of legitimate assets," Mr. Hilsenrath argued that his financial obligations under the plea agreement should be dismissed. An order denied Mr. Hilsenrath's motion.

(iv) In *Hilsenrath v. United States*, C 07-05100 WHA, Mr. Hilsenrath moved to enjoin the United States from returning to Switzerland proof of service of process of a Swiss order. The Office of International Affairs had already mailed the Swiss order to Mr. Hilsenrath and he had signed the return receipt. An order dismissed the action due to the failure to state a claim upon which relief can be granted.

Mr. Hilsenrath has also filed numerous actions and motions before other judges related to a 2001 civil settlement agreement. A discussion of these cases is included above for completeness, but this order does not reach the frivolousness of these cases.

**3.    SUBSTANTIVE FINDINGS OF FRIVOLOUSNESS.**

Before issuing a pre-filing injunction, a district court must make "substantive findings as to the frivolous or harassing nature of the litigant's actions." The district court must look at "'both the number and content of the filings' as indicia of the frivolousness of the litigant's claims." *De Long v. Hennessey*, 912 F.2d 1144, 1148 (9th Cir 1990).

5

1    This order finds that Mr. Hilsenrath has a history of filing frivolous actions before this
2 Court. *First,* Mr. Hilsenrath has repeatedly attempted to seek relief not offered by any law.
3 For example, in *Hilsenrath, et al. v. Credit Suisse, et al.*, C 07-05374 WHA, plaintiff asked the
4 Court to order defendants to use "product-warning labels" to caution consumers that Swiss banks
5 are not bound by the United States Constitution. This was frivolous. *Second*, Mr. Hilsenrath has
6 continued to pursue claims that have already been resolved by earlier court orders. For example,
7 Mr. Hilsenrath filed a motion to alter the judgment and plea agreement in *United States v.*
8 *Hilsenrath*, CR 03-0213 WHA, even though he had voluntarily entered into that plea agreement.
9 *Third,* Mr. Hilsenrath has pursued claims for which federal courts do not have subject-matter
10 jurisdiction. Such claims have become a drain on this Court's limited resources.

11    Mr. Hilsenrath notes the following "inaccuracies" in the earlier order to show cause.
12 He stated that Case Nos. C 07-02782 WHA (*Hilsenrath, et al. v. The Swiss Confederation, et al.*)
13 and C 07-05374 WHA (*Hilsenrath, et al. v. Credit Suisse, et al.*) were not filed by
14 Mr. Hilsenrath; they were filed by Hana Hilsenrath, Oliver Hilsenrath, and other family
15 members. Another alleged inaccuracy was that Mr. Hilsenrath did not file Case No. 07-05100
16 WHA (*Hilsenrath v. United States of America*); rather, the Court separated the action from his
17 criminal action upon the advice of the government. Neither of these alleged inaccuracies
18 undermines the Court's characterization of Mr. Hilsenrath's filings in the order to show cause.
19 *First*, Mr. Hilsenrath was one of the family members who filed the earlier orders, as he
20 admitted in his letter. He was also the moving force behind these suits. *Second*, it is true that
21 the Court separated Case No. C 07-05100 WHA from the criminal action CR 03-0213 WHA
22 (*United States v. Hilsenrath*). This action was appropriate, however, because Mr. Hilsenrath
23 sought civil relief in a criminal action that had long been resolved. Furthermore, whether the
24 motion remained in the earlier criminal action or was separated into a new civil case did not
25 make a difference; the bottom line was that Mr. Hilsenrath's request to enjoin the government
26 from sending proof of service back to the Swiss government was meritless and constituted an
27 additional burden on judicial resources.
28

6

Mr. Hilsenrath next justifies "[t]he need to file multiple legal actions" as "the result of this court's conflicting and unworkable orders." Namely, he argues that his plea agreement in CR 03-0213 WHA required him to make restitution payments out of "legitimate funds frozen by the Swiss." The Swiss government, however, had unlawfully frozen his assets, rendering him unable to pay restitution. According to Mr. Hilsenrath, the Court "denied [him] jurisdiction to adjudicate the unlawful taking by the Swiss." This order disagrees. This Court simply lacks subject-matter jurisdiction over Mr. Hilsenrath's claims against the Swiss government and Swiss banks. That is not to say Mr. Hilsenrath has no recourse whatsoever to regaining the funds taken by the Swiss government. But he must do so in plausible ways. This does not make the Court's rulings "conflicting and unworkable."

Claiming breaches of due process and judicial economy, Mr. Hilsenrath argues that the government improperly cut Mr. Hilsenrath off from his resources. Case Nos. CR 03-0213 WHA (*United States v. Hilsenrath*) and C 03-02352 WHA (*SEC v. Hilsenrath*) should have been dismissed, he says. Not so. Mr. Hilsenrath provides no evidence supporting his proposition and merely makes conclusory allegations. In a similar vein, Mr. Hilsenrath alleges that the Court is "the stage of a new kind of government sponsored financial piracy based on Mutual Legal Assistance Treaties." And now, according to Mr. Hilsenrath, the Court is trying to block his access to the Court of Appeals. Although he has already pled guilty to securities fraud and tax evasion in the United States, he continues to argue that the forfeiture allegations and request to freeze his overseas assets were "bogus." As stated, Mr. Hilsenrath offers no evidence to support these claims. Moreover, the Court is not trying to block his access to appellate review. He has already filed appeals to the Ninth Circuit. In addition, a pre-filing order does not prohibit filing actions altogether.

### 4. PRE-FILING REVIEW.

Pre-filing review is justified given Mr. Hilsenrath's history of filing frivolous actions. This order enjoins Mr. Hilsenrath from filing any complaints or notices of appeal concerning his assets in Switzerland without obtaining prior leave from the undersigned. The Clerk shall forward any complaints or notices of appeal submitted by Mr. Hilsenrath to the undersigned for

7

pre-filing review. If the Court ascertains that the complaint or notice of appeal is duplicative or frivolous, it will not be filed and will be returned to Mr. Hilsenrath. Otherwise, it will be given to the Clerk with instructions to file it, subject to payment of fees.

The Ninth Circuit requires that pre-filing restrictions be "narrowly tailored to closely fit the specific vice encountered." *De Long*, 912 F.2d at 1148. The pre-filing restrictions described above are appropriately tailored to Mr. Hilsenrath's history of filing frivolous motions concerning his assets in Swiss banks. Such restrictions strike the right balance between allowing Mr. Hilsenrath to seek relief from the courts and reducing the barrage of meritless actions and motions that impose a burden on the Court.

## CONCLUSION

For the foregoing reasons, this order **FINDS** that Mr. Hilsenrath has a history of filing frivolous actions. Mr. Hilsenrath is hereby **ORDERED** to comply with the pre-filing restrictions described above.

**IT IS SO ORDERED.**

Dated: February 6, 2008.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

8