HANA HILSENRATH
OLIVER HILSENRATH
822 Eastbrook Court
Danville, CA 94506
Telephone: 925 212 6299
Facsimile: 925 736 7571
ohlx@sbcglobal.net

PLAINTIFFS *IN PRO PER*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HANA HILSENRATH, OLIVER HILSENRATH<br><br>Plaintiffs,<br><br>v.<br><br>CREDIT SUISSE (CS), UNITED BANK OF SWITZERLAND (UBS) AND DOES 1-10<br><br>Defendants. | Case No: 3:07-cv-05374-WHA<br>AND<br>Case No: 3:08-mc-80005-WHA<br><br>**JUDICIAL NOTICE RE ERRORS IN ORDER [DOC 3] REQUIRING PRE-FILING REVIEW**<br><br>Judge: Hon. William H. Alsup |

This Court's order Doc 3/ Case No. C 08-80005 MISC WHA (ORDER REQUIRING PRE-FILING REVIEW) includes numerous errors of fact.

The objective of this present document is to seek correction of the information in this order.

1. The forfeiture allegation in the various indictments in Case 3:03-cr-00213-WHA USA v. Hilsenrath was based on a false statute. See legal analysis of Steven Kalar in Hilsenrath Declaration Attachment A.

HILSENRATH V. CS, UBS

2. Subsequently, the US government represented by a new prosecutor[1], and in consultation with its headquarter in Washington DC, conceded that the forfeiture allegation was false and needed to be removed. The forfeiture allegation therefore was bogus.

3. The lack of probable cause of the Swiss freeze is further established in this court's own words. See this court's order of August 2006 Doc 302/309 in Hilsenrath Declaration Attachment B.

> *"There was no probable cause to support the pretrial restraint of assets attributable to the 350,000 shares when the MLAT requests for a freeze were sent to Switzerland in 2005"*

4. The court errs in its statement that Case 3:07-cv-03193-TEH Hilsenrath et al v. Nixon Peabody LLP et al was dismissed. In fact it was transferred to the California Superior Court that granted the Hilsenrath's petition under California Rule 1714(10) and allowed to sue Nixon Peabody in relation to its involvement in Janvrin v. Hilsenrath. See Hilsenrath Declaration Attachment C.

5. The Court seems unclear regarding the Hilsenrath's prevalence in their counterclaim in Case 4:02-cv-01068-CW Janvrin Holdings Limited et al v. Hilsenrath et al. In fact the Hilsenraths prevailed on the merits in that action. See Hilsenrath Declaration Attachment D.

6. The Court states in error that Case 4:07-cv-04162-CW Hilsenrath v. Equity Trust (Jersey) Limited et al is related to Case 4:02-cv-01068-CW Janvrin Holdings Limited et al v. Hilsenrath et al. In fact, it is not. This action related to the public defender's efforts to recover Hilsenrath assets wrongfully seized at the time by another party: Equity Trust. This action has no relation to the matters in Janvrin v. Hilsenrath and the so-called 2001 settlement. See Hilsenrath Declaration Attachment E.

---

[1] The content of this analysis was addressed by the USA in Court on May 10, 2006.

7. The Court further errs in stating that Hilsenrath v. Shepard is related to Case 4:02-cv-01068-CW Janvrin Holdings Limited et al v. Hilsenrath et al. In fact, it is not. This action is related to an attorney-client relation between Heller Ehrman LLP and Oliver Hilsenrath in a negotiation with the US government. That case was referred to arbitration by the California Superior Court and was not dismissed as implied in this court's instant order.

In fact this Court stated in reference to Shepard and Heller Ehrman on October 17 and 18 2005, Page 28, as follows:

> *"**THE COURT:** That's not what he [Shepard from Heller Ehrman LLP] communicated to the government. What he communicated to Mr. Hilsenrath may be malpractice, I don't care."*

This Court is hereby respectfully requested to take notice of the above corrections.

Dated:  February 6, 2008

Respectfully submitted,

OLIVER HILSENRATH
Plaintiff *PRO SE*

_____/s/ Oliver Hilsenrath_____